**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

_____

JOSEPH MUMMA,

    Petitioner,

    v.                                      No. 2:14-cv-02326

SUPERINTENDENT KENNETH CAMERON
and THE ATTORNEY GENERAL OF
THE STATE OF PENNSYLVANIA,

    Respondents.
_____

**O P I N I O N**
Report and Recommendation, ECF No. 17 – Adopted

**JOSEPH F. LEESON, JR.**                                                      September 18, 2017
**United States District Judge**

    **I.**     **INTRODUCTION**

Joseph Mumma filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 alleging prosecutorial misconduct, ineffective assistance of counsel, denial of severance from Mumma's codefendant, and violation of Mumma's *Miranda* rights with respect to his 2006 criminal trial and conviction in the Philadelphia County Court of Common Pleas. ECF No. 1. Magistrate Judge Timothy R. Rice has issued a Report and Recommendation ("R&R") recommending that the habeas corpus petition be denied. ECF No. 17. Mumma timely filed objections to the R&R, ECF No. 19, to which Respondents filed a response, ECF No. 22. After de novo review and for the reasons set for below, the R&R is adopted and the habeas petition is dismissed as procedurally defaulted and meritless.

## II. FACTUAL AND PROCEDURAL HISTORY

Mumma was tried in November 2006 together with Joseph Romanelli for various crimes related to the home invasion robbery, sexual assault, and murder of Mumma's 84-year-old neighbor, Marie Lindgren. ECF No. 16-1, at 1.

Trial testimony established that around 3:00 a.m. on November 13, 2004, Mumma and Romanelli went to Ms. Lindgren's house to rob her. *Id.* at 6. When Ms. Lindgren was found dead the following morning by a neighbor, her body displayed extensive bruising, a laceration below the jaw that penetrated halfway through her neck, an amputated left earlobe, broken neck bones from strangulation, defensive wounds on her arms, a large tear on the back of her left hand exposing tendons, tissue missing from the left little finger, fractured ribs, bruising and abrasions to the vaginal area, and hemorrhaging in the brain. *Id.* at 4-5. An autopsy determined the cause of death as both sharp and blunt force injuries. *Id.* at 5.

On the morning that Ms. Lindgren's body was found, Mumma helped another neighbor enter Ms. Lindgren's house to check on her. *Id.* at 2. However, police later identified him as a suspect when he went to give a witness statement at the police station and a detective observed red and green paint stains on his shoes that matched paint used to graffiti the walls of Ms. Lindgren's house. *Id.* at 5-6. After receiving *Miranda* warnings, Mumma told police that he did participate in the robbery, but that Romanelli had killed Ms. Lindgren. Following a jury trial, Mumma was found guilty of second-degree murder, robbery, aggravated indecent assault, burglary, and criminal conspiracy, and sentenced to life imprisonment plus ten to twenty years. *Id.* at 5.

Mumma appealed his conviction, but the Pennsylvania Superior Court ultimately affirmed the conviction on November 11, 2010. ECF No. 16-3. The Pennsylvania Supreme Court

denied Mumma's petition for allowance of appeal on June 8, 2011.[1] Mumma filed a pro se Post-Conviction Relief Act Petition on March 28, 2012, which was dismissed as meritless on November 30, 2012. ECF No. 16-6. The Pennsylvania Superior Court affirmed the denial on August 21, 2013. ECF No. 16-7. The Pennsylvania Supreme Court denied allowance of appeal on February 20, 2014. *See* state court docket sheet for *Commonwealth v. Mumma*, CP-51-CR-0300421-2005 (Phila. C.P. filed March 11, 2005).

The instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 was timely filed on April 21, 2014. Mumma seeks relief on the grounds of: (1) prosecutorial misconduct at trial through the prosecutor's characterization of the murder as "torture" and "using [Mumma's] co-defendant's statement against [him];"[2] (2) ineffective assistance of counsel at trial based upon defense counsel's failures to attend a hearing to suppress a statement made by Romanelli, to preserve issues for appeal, and to introduce evidence of Mumma's mental health background and

---

[1] *See* state court docket sheet for *Commonwealth v. Mumma*, CP-51-CR-0300421-2005 (Phila. C.P. filed March 11, 2005). This Court may take judicial notice of state court docket sheets. *See Bennett v. Walsh*, No. 3:CV-11-2286, 2014 U.S. Dist. LEXIS 135314, at *3 n.1 (M.D. Pa. Sept. 22, 2014) ("The Court takes judicial notice of the various state docket sheets cited within which are viewable via the Pennsylvania's Judiciary Web Portal at http://ujsportal.pacourts.us/."). The Superior Court initially dismissed Mumma's appeal on July 11, 2007, for failure to comply with Pennsylvania Rule of Appellate Procedure 3517. Mumma then filed a petition under the Pennsylvania Post-Conviction Relief Act, which the trial judge granted on May 29, 2009, reinstating Mumma's appeal rights. *Id.*

[2] Mumma's co-defendant, Romanelli, told police that he had participated in the robbery, but that Mumma had killed Ms. Lindgren. ECF 16-1 at 10. Romanelli said the two, drunk and high after leaving a party, entered Ms. Lindgren's house with a key Mumma had. *Id.* at 10-11. Once inside, Romanelli went upstairs to look for money while Mumma pulled Ms. Lindgren into the dining room, demanding to know where the money was. *Id.* at 11. When Romanelli came downstairs, he saw Ms. Lindgren on the floor and saw Mumma slash her throat twice with a silver knife. *Id.* At trial, this statement was redacted to replace all references to Mumma with the phrase "the other guy." *Id.* at 12.

I.Q. early in the trial and at sentencing; (3) denial of severance from his co-defendant;[3] and (4) introduction at trial of Mumma's statement obtained in violation of his *Miranda* rights.

Magistrate Judge Rice reviewed Mumma's claims and found them meritless, and some barred by procedural default. With respect to the claim for prosecutorial misconduct, Magistrate Judge Rice found that the prosecutor's characterization of the murder as "torture" fell within the acceptable range of the prosecutor's discretion and had a basis in the evidence presented. Additionally, the prosecutor's use of Romanelli's statement blaming "the other guy" did not affect the jury's decision: in convicting Mumma of second-degree murder, the jury found that Mumma and Romanelli had acted together in the commission of the crimes, a conclusion which the exclusion of Romanelli's statement would not have changed.

Magistrate Judge Rice concluded that the procedural default rule bars Mumma's ineffective assistance of counsel claim because Mumma did not present the claim to the state appellate courts. Additionally, none of Mumma's three allegations of ineffective assistance has merit. First, Mumma complains that his counsel did not attend a suppression hearing; however, this hearing ruled on Romanelli's motion to suppress. Second, Mumma alleges his trial counsel

---

[3] Although Mumma's petition styles this argument as "Severance," his arguments and supporting cases in both the petition and his objection to the R&R suggest that Mumma intends to state a claim under the Confrontation Clause of the Sixth Amendment. For example, Mumma's petition states that the "severance" issue warrants habeas relief "[b]ecause my Co-Defendant had a statement that I could not cross-exam because he would not get on stand and he was 17 years old at the time he made the statement which means he was a child." ECF 1, at 9. In his objections to the R&R, Mumma argues that "[t]he Prosecutor using my non-testifying juvenile co-defendants (sic) statement against me obviously denied my confrontation clause (sic) because I never had a chance to confront the witness against me just because the statement was redacted its (sic) very clear who the **"OTHER GUY"** is the only other person sitting behind the panel of Attorneys." ECF 19, at 2 (emphasis in original). Therefore, this Court will analyze Mumma's severance issue as a Confrontation Clause claim in light of his objections to the R&R. To the extent that Mumma's denial of severance claim implicates other issues, he has not raised any objections to the R&R and this Court adopts Magistrate Judge Rice's findings and conclusions in this regard.

failed to preserve issues for appeal but does not specify which issues his attorney failed to preserve. Third, Mumma alleges that trial counsel did not bring up his mental health background or low I.Q. until late in the trial and at sentencing, but makes no argument that doing so would have resulted in a lesser sentence.

Magistrate Judge Rice also found that procedural default bars Mumma's severance claim because he did not raise this claim in state court and that regardless, the claim is meritless. Magistrate Judge Rice reasoned that Mumma has not explained how failure to sever his trial from Romanelli's led to prejudice so great as to deny him a fair trial, the standard required to prevail on a failure-to-sever claim. Although Mumma seeks to challenge the admission of Romanelli's statement because Romanelli was only seventeen when he made the statement, Mumma has no standing to do so. The Magistrate Judge observed that, in conjunction with the severance issue, Mumma seems to argue that because he could not cross-examine Romanelli, the use of Romanelli's statement at trial violated Mumma's rights under the Confrontation Clause. However, Romanelli's statement resulted in, at worst, harmless error: the jury rejected the defendants' attempts to blame one another for the homicide and convicted them both of second-degree murder.

Lastly, Magistrate Judge Rice evaluated Mumma's claim that the trial court should have suppressed his statement because he made it involuntarily. The Magistrate Judge concluded that the state courts considered this claim on the merits and rejected it based upon a reasonable application of federal law and a reasonable determination of the facts.

Mumma filed objections to the R&R, ECF No. 19, on April 8, 2015. Mumma's objections contain very little explicit argument and consist largely of quotations from caselaw,

many duplicative of his Petition. However, he takes particular issue with the R&R's finding that his Confrontation Clause argument does not justify relief.

## III. STANDARD OF REVIEW

When objections to a report and recommendation have been filed under 28 U.S.C. § 636(b)(1)(C), the district court must make a de novo review of those portions of the report to which specific objections are made. *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989); *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984) ("providing a complete de novo determination where only a general objection to the report is offered would undermine the efficiency the magistrate system was meant to contribute to the judicial process"). "District Courts, however, are not required to make any separate findings or conclusions when reviewing a Magistrate Judge's recommendation de novo under 28 U.S.C. § 636(b)." *Hill v. Barnacle*, 655 F. App'x. 142, 147 (3d Cir. 2016). The district "court may accept, reject, or modify, in whole or in part, the findings and recommendations" contained in the report. 28 U.S.C. § 636(b)(1)(C) (2009).

## IV. ANALYSIS

This Court has considered Mumma's Objections to the R&R and conducted a de novo review of his habeas corpus petition. This Court writes separately to provide additional explanation of the Confrontation Clause issue. As to Mumma's additional grounds for habeas relief, this Court agrees with Magistrate Judge Rice's reasoning and sees no need to make any separate findings or conclusions in this regard. *See Hill*, 655 F. App'x. at 147.

Even assuming for the sake of argument that Mumma can establish a violation of his Confrontation Clause rights based upon the use of Romanelli's statement incriminating him, the doctrines of procedural default and harmless error preclude the relief Mumma seeks. In his objections to the R&R, Mumma reiterates his assertion that the prosecutor's use of Romanelli's

statement identifying Mumma as the killer, which was redacted to refer to Mumma only as "the other guy" violated Mumma's right to confront the witnesses against him. ECF No. 19, at 2.

However, Magistrate Judge Rice correctly found that procedural default bars this argument, regardless of its merits.[4] The Superior Court recognized on appeal of Mumma's PCRA Petition that Mumma did not raise any Confrontation Clause issues on direct appeal. ECF No. 16-7, at 6 n.6. Therefore, Mumma did not "fairly present his claim in each appropriate state court," and his argument is procedurally defaulted. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). Mumma has alleged neither a legitimate cause for his default and actual prejudice from the alleged Confrontation Clause violation nor new reliable evidence of his actual innocence that would make this Court's failure to review his claim a fundamental miscarriage of justice; therefore, he cannot excuse his procedural default. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Schlup v. Delo*, 513 U.S. 298, 323-324 (1995).[5] Mumma's Confrontation Clause claim is properly dismissed on this basis.

Regardless, as Magistrate Judge Rice recognized, any violation of Mumma's Confrontation Clause right would have been harmless error. *See Harvey v. Meyers*, No. 93-

---

[4] In his objections, Mumma appears to challenge this conclusion, or at least to assert that this Court should excuse any procedural default, writing, "[p]rocedrual default rules are enforced out of respect; no disrespect is shown when the states [sic] own rules are not enforced; district courts have disregarded the default and proceeded directly to the merits of the particular claim." ECF No. 19 at 2. However, the cases Mumma cites do not support his position. *Barcey v. Gramley* involved the issue of "good cause" for *discovery* on a habeas corpus petition, not cause for excusing procedural default. 520 U.S. 899 (1997). In *Deputy v. Taylor*, the Court of Appeals excused procedural default where the state did not properly raise procedural default as bar in state court proceedings seeking postconviction relief as to capital murder conviction, but ultimately concluded that the claim had no merit. 19 F.3d 1485 (3d Cir. 1994).

[5] The Supreme Court held that ineffective assistance of counsel can be cause for excusing procedural default in *Martinez v. Ryan*. 566 U.S. 1 (2012). However, *Martinez* does not excuse Mumma's default: in his case, counsel raised the Confrontation Clause issue during the PCRA proceedings, but Mumma, acting pro se, failed to raise the issue on direct appeal. Thus, it was Mumma's failure to raise the issue, not counsel's, that caused the procedural default, and *Martinez* offers no relief.

15680, 1994 U.S. App. LEXIS 18889, at *8 (9th Cir. 1994) (holding that any violation of the Confrontation Clause was harmless because "the jury necessarily rejected the evidence" that the defendant was responsible by convicting the defendant of second-degree and not first-degree murder). For purposes of federal habeas review, a constitutional error that implicates trial procedures is harmless if it did not have a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993); *Delaware v. Van Arsdall*, 475 U.S. 673, 684 (1986) (applying harmless error analysis to Confrontation Clause claim).

Here, the alleged error Mumma complains about did not have the required effect on the jury's verdict. Mumma contends that Romanelli's statement that "the other guy" killed Ms. Lindgren unfairly implicated him as the killer; for his part, Mumma tried to blame Romanelli. Whether the jury believed Mumma or Romanelli did not matter to their ultimate determination of Mumma's guilt because they did not have to find that Mumma actually killed Ms. Lindgren to convict him of second-degree murder. Under Pennsylvania law, second-degree murder requires only (1) that the defendant be "engaged as a principal or an accomplice in the perpetration of a felony" and (2) that a homicide occur during that felony. 18 Pa. Stat. and Cons. Stat. Ann. § 2502. Even if the jury had not heard Romanelli's statement identifying "the other guy" as the killer and had concluded that Romanelli killed Ms. Lindgren, they still heard substantial evidence sufficient to convict Mumma of second-degree murder. Mumma admitted that he and Romanelli agreed to break into Ms. Lindgren's home to rob her, and Ms. Lindgren's homicide occurred during the perpetration of this felony. These facts suffice to convict Mumma of second-degree murder, so any violation of Mumma's Confrontation Clause rights had no "substantial and injurious effect" on the jury's verdict. *See Bond v. Beard*, 539 F.3d 256, 276 (3d Cir. 2008),

*as amended* (Oct. 17, 2008) (finding Confrontation Clause violation was harmless error because of extensive additional evidence of defendant's guilt). Mumma complains, at best, of harmless error, but he cannot obtain habeas relief on that basis.

## V.     CONCLUSION

Magistrate Judge Rice correctly concludes that the instant petition for writ of habeas corpus is meritless and that many of the claims have been procedurally defaulted. This Court therefore adopts the findings and conclusions in the Report and Recommendation and follows the recommendation to deny the habeas petition.

A separate Order will be issued.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

9
091817

*as amended* (Oct. 17, 2008) (finding Confrontation Clause violation was harmless error because of extensive additional evidence of defendant's guilt). Mumma complains, at best, of harmless error, but he cannot obtain habeas relief on that basis.

## V.     CONCLUSION

Magistrate Judge Rice correctly concludes that the instant petition for writ of habeas corpus is meritless and that many of the claims have been procedurally defaulted. This Court therefore adopts the findings and conclusions in the Report and Recommendation and follows the recommendation to deny the habeas petition.

A separate Order will be issued.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge